**BURGY, In Re**

Ohio Appeals, 2nd Dist, Franklin Co

No 3350. Decided April 10, 1941

Howard T. Mitchell, for appellant.
Stuart R. Bolin, Columbus, as Guardian for Annie Burgy.
C. P. McClelland, Columbus, as Probate Judge.

**OPINION**

BY THE COURT:

Appellant has filed a motion for reconsideration of the order fixing the bond for stay of execution on the grounds that the appeal concerns the acts and authority of the appellant at the time during which she was acting as guardian, at which time there was a good, valid and sufficient bond posted and existing; that the amount is sufficient to comply with the law for the appeal and stay of execution on the Court's findings of January 20, 1941; that under §12223-12 the bond

fixed and made by this Court previous to the filing of this motion is not required and the appellant failed to call this statute to the attention of the Court; that the section specifically exempts guardians from posting a new bond where there is a bond already posted; that §12223-17 makes a stay of execution available to the appellant on such terms as the Court may prescribe; that the records of the Probate Court show that appellant has filed three bonds in the Burgy matter in amounts aggregating $34,000.00.

The judgment of the Court from which appeal is pending upon questions of law was to the effect that the appellant is indebted to the estate by reason of maladministration in the sum of $10,800.22 and a number of smaller items aggregating in all $11,028.77.

Upon motion of the appellant on February 27, 1941, it was ordered by this Court that execution of the final judgment be stayed upon the appellant's giving bond to the appellee in the sum of $13,000.00, conditioned that the appellant will prosecute her appeal and abide the order of the appellate court and if the judgment is not paid upon final affirmance that the judgment may be entered against the sureties.

Sec. 12223-9 provides that no appeal shall operate as a stay of execution unless a supersedeas bond be executed on the part of the appellant to the adverse party with sufficient surety, not less than the amount of the judgment, as is directed by the court making the order which is sought to be superseded, or by the court to which the appeal is taken, conditioned as provided in §12223-14. This section provides that a supersedeas bond shall be payable to the adverse party as may be directed by the court, subject to a condition to the effect that the party appealing shall abide and perform the orders and judgment of the appellate court and pay all money which may be required of or awarded against him upon final determination of said appeal and such other conditions as the court may provide, and when said judgment is for the payment of money, the bond shall provide that if said judgment is not paid upon the final affirmance, that judgment may be entered against the sureties on said bond.

Under §12223-9 application was made to this Court which fixed the bond under the provision of §12223-14, at $13,000.00. The application to reduce the bond is made on the ground that the provisions of §12223-12 are that guardians acting in their respective trust capacities who have given bonds with surety according to law shall not be required to give the bond mentioned in §12223-9 GC. The judgment of the court below from which appeal was made was a judgment against the appellant, not in her fiduciary capacity, but as an individual, and we are of the opinion that she may not avail herself of the provision of §12223-12 to avoid the necessity of giving a bond. The bond was fixed by this Court in the amount and under the conditions provided by §12223-14.

The appellant is no longer the guardian.

We see no reason why the order of this Court fixing the bond in the amount mentioned should be modified, and have no power to do so.

Motion overruled.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.